Bamba v. Holder

BIA
Nelson, I.J.
A087 468 245

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of February, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SOULEYMANE BAMBA,
> *Petitioner,*

v.                                                    13-377
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Matthew J. Harris, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Souleymane Bamba, a native and citizen of the Ivory Coast, seeks review of a January 9, 2013, order of the BIA affirming the August 1, 2011, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Souleymane Bamba*, No. A087 468 245 (B.I.A. Jan. 9, 2013), *aff'g* No. A087 468 245 (Immig. Ct. N.Y. City Aug 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that substantial evidence supports the agency's determination that Bamba's testimony was not

2

credible.  First, the IJ found that Bamba's demeanor called his credibility into question, a finding that we give "particular weight."  *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The IJ's finding was supported by several instances in the record where Bamba paused or evaded the questions posed.  The IJ's demeanor finding was further supported by inconsistencies and omissions in Bamba's testimony.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Indeed, Bamba does not even challenge two of the agency's bases for finding him not credible – inconsistent testimony regarding how much his uncle paid to secure his release after a March 2004 arrest, and when he left the Ivory Coast for Mali – and those findings stand as valid bases for the agency's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We do not rely, however, on the IJ's findings regarding Bamba's passport, which the BIA expressly declined to adopt. *See Xue Hong Yang*, 426 F.3d at 522.

3

Apart from the passport finding, the IJ's remaining findings also support the adverse credibility determination. Bamba omitted from his application any mention of a November 2003 incident that he testified resulted in his being injured. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005). The agency was not required to credit Bamba's explanation for the omission. *See Majidi*, 430 F.3d at 80. Furthermore, Bamba gave conflicting testimony regarding who came to his aid after a September 2003 incident.

Additionally, Bamba did not submit credible documentary evidence in support of his application. Bamba's evidence consisted of: (1) a letter from party officials in the Ivory Coast dated 2007 (even though Bamba claimed that he never sought such a letter until 2009); (2) an undated letter from a party official in New York; (3) a letter from his wife, who was an interested witness; and (4) a letter from a friend in Mali, which contradicted a statement Bamba made at his hearing. In view of these deficiencies, the agency did not err in discrediting the letters. *See Y.C. v. Holder*, __ F.3d __, 2013 WL 6642047, at *7 (2d Cir. 2013) (noting that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and finding no

4

error in the BIA's decision to give "very little evidentiary weight" to an unsworn letter "submitted by an interested witness" (internal quotation marks omitted)).

Given Bamba's demeanor, the omissions and inconsistencies, and the lack of credible corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The agency's adverse credibility determination is also dispositive of the claims for withholding of removal and relief under the CAT, as those claims depend on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5